# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENNIS W. OLIVAREZ,
             Appellant,

             v.

UNITED STATES POSTAL SERVICE,
             Agency.

DOCKET NUMBER
NY-3443-15-0193-I-1

DATE: September 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Dennis W. Olivarez, Manorville, New York, pro se.

Anthony V. Merlino, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was reassigned to a position in which he no longer supervised mail handlers as a result of a settlement agreement between the agency and the National Postal Mail Handlers Union. Initial Appeal File (IAF), Tabs 1, 5. The appellant filed an appeal alleging that, as a result of the reassignment he may be denied the opportunity to receive a pay raise under the agency's pay for performance policy. *Id.* He also alleged that, in taking the action, the agency denied him constitutionally required due process. IAF, Tab 1.

¶3 Without holding a hearing, the administrative judge issued an initial decision finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction. IAF, Tab 6, Initial Decision (ID) at 4. He found that the Board's jurisdiction generally does not extend to a reassignment where there has been no reduction in grade or basic rate of pay. ID at 3-4. He found that a possible loss of a pay performance award does not constitute an appealable reduction in the basic rate of pay. ID at 4. He also found that, absent an appealable action, the Board does not have jurisdiction over the appellant's claim of a due process violation. ID at 4-5.

¶4 In his petition for review, the appellant reiterates the arguments that he made below and asserts that, due to the reassignment, he also is losing some night

differential pay, some Sunday premium pay, and, because he worked 6 days each week in his former position, an extra day's pay each week. Petition for Review File, Tab 1.

¶5     The Board has jurisdiction over an appeal of a "reduction in pay" under 5 U.S.C. § 7512(4). 5 U.S.C. §§ 7513(d), 7701. For purposes of section 7512(4), the term "pay" is defined as "the rate of basic pay fixed by law or administrative action for the position held by an employee." 5 U.S.C. § 7511(a)(4). It is well settled that a bonus or premium pay is not part of basic pay and that the loss of or reduction in such pay is not appealable to the Board as a reduction in pay. *See Riojas v. U.S. Postal Service*, 88 M.S.P.R. 230, ¶ 7 (2001).

¶6     The appellant has not alleged that his current pay is not at the same rate as it was before his reassignment, precluding a finding that his pay has been reduced. In addition, the appellant's complaint that his reassignment deprives him of the possible future benefit of a pay raise under the agency's pay for performance policy fails to raise a nonfrivolous allegation of Board jurisdiction. *See Peele v. Department of Health & Human Services*, 6 M.S.P.R. 296, 299 (1981). Similarly, to the extent that a pay raise under the agency's pay for performance policy is in the nature of a bonus or premium pay, his complaint also fails to raise a nonfrivolous allegation of jurisdiction. *See Riojas*, 88 M.S.P.R. 230, ¶ 7.

¶7     The appellant alleges for the first time on petition for review that, due to the reassignment, he also is losing some night differential pay, some Sunday premium pay, and, because he worked 6 days each week in his former position, an extra day's pay each week. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, because the appellant's assertions relate to the issue of the Board's jurisdiction over his appeal, we address them. *See Ney v. Department of*

*Commerce*, [115 M.S.P.R. 204](#), ¶ 7 (2010) (the issue of the Board's jurisdiction is always before the Board and may be raised sua sponte by the Board at any time).

¶8        As noted, there is no evidence that, as a result of his reassignment, the appellant suffered any reduction in his basic rate of pay.  The Board has held that reassignments, with no reduction in grade or basic rate of pay, are not appealable to the Board as reductions in pay, even if such assignments may result in loss of holiday pay, shift differentials, and other premium pay.  *See Fair v. Department of Transportation*, [4 M.S.P.R. 493](#), 495-96 (1981).  Accordingly, the appellant has failed to raise, either below or on review, specific factual allegations that, if proven, would show that he has suffered any loss of basic pay.  We therefore concur in the administrative judge's dismissal of this matter for lack of jurisdiction, without a hearing.  *See Ferdon v. U.S. Postal Service*, [60 M.S.P.R. 325](#), 329 (1994) (holding that an appellant is entitled to a jurisdictional hearing if he makes specific allegations of fact that, if proven, could establish a prima facie showing of Board jurisdiction).  Further, because the Board lacks jurisdiction over the appeal, we also lack jurisdiction to hear the appellant's claim that the agency violated his due process rights.  *See Burnett v. U.S. Postal Service*, [104 M.S.P.R. 308](#), ¶ 15 (2006); *Smith v. U.S. Postal Service*, [81 M.S.P.R. 92](#), ¶ 11 (1999).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.